IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

Malcolm Muhammad, )
    Plaintiff, )
)
v. ) 1:13cv339 (LO/TCB)
)
Eddie Pearson, et al., )
    Defendants. )

MEMORANDUM OPINION

Malcolm Muhammad, a Virginia inmate proceeding pro se, submitted this civil rights action, pursuant to 42 U.S.C. § 1983, alleging that defendants violated his constitutional right to freely practice his religion. The complaint was original filed by Malcolm Muhammad and Eric L. Reid. By Order dated April 24, 2013, the Court severed the complaint and dismissed plaintiff Eric Reid. The action proceeded with Malcolm Muhammad as the sole plaintiff. By Order dated July 31, 2013, the Court dismissed defendants Eddie Pearson, R. Wallace, and Wendy S. Hobbs, pursuant to 28 U.S.C. § 1915(b)(1) for failure to state a claim for which relief can be granted. Defendant Chaplain Eric Jackson ("Chaplain Jackson") was sent a Notice of Lawsuit and Waiver of Service, which Chaplain Jackson executed and returned. On September 30, 2013, Chaplain Jackson filed a Motion for Summary Judgment with a supporting memorandum and exhibits, and provided plaintiff with the notice required by Local Rule 7(K) and Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975). Dkt. Nos. 22-24. Plaintiff filed a Motion to Deny Summary Judgment, along with a supporting memorandum and affidavits. Dkt. Nos. 28, 29, 31-33. Accordingly, the matter is now ripe for disposition. After careful consideration, Chaplain Jackson's Motion for Summary Judgment will be granted, in part, and denied, in part. Plaintiff's Motion to Deny Summary Judgment will be denied, without prejudice.

## I. Background

Plaintiff's allegations center around four claims: (1) Chaplain Jackson failed to make copies of plaintiff's Nation of Islam study materials, (2) Chaplain Jackson has not approved the Nation of Islam to hold a second weekly meeting, (3) Chaplain Jackson failed to provided DVDs on Nation of Islam to be used during the group's meetings and to be broadcast on the institutional T.V.'s religious channel, and (4) the Nation of Islam was prevented from meeting when the institution was on lock-down, though Sunni Muslims were permitted to hold services. Plaintiff alleges that the above circumstances violate his Equal Protection rights, First Amendment rights, and his rights under the Religious Land Use and Institutionalized Persons Act ("RULIPA"), 42 U.S.C. § 2000cc-1 et seq.

Uncontested Facts

The following material facts are uncontested. For all pertinent times, plaintiff was an inmate housed at Sussex I State Prison. Eric Jackson is a chaplain at Sussex I State Prison. Jackson Aff. ¶ 1. Chaplain Jackson will make inmates copies of religious materials, provided that the inmate arranges to cover the cost of copying. Jackson Aff. ¶ 5. This pre-payment requirement applies to all inmates and all religious groups. Id. On October 8, 2012, plaintiff submitted a written request to Chaplain Jackson asking for copies of Nation of Islam Study Guides. Am. Compl. ¶ 12; Mem. Supp. Mot. Summ. J. 1. Plaintiff did not receive his requested copies because he did not provide payment for the copies. Jackson Aff. ¶ 5; Muhammad Aff. ¶ 5. When a grievance was filed with his institution about not receiving copies, Chaplain Jackson responded that "he must have every offender pay for the copies." Compl. ¶ 33; Mem. Supp. Mot. Summ. J. 4.

Plaintiff alleges he is not permitted to have "a second religious study class" each week and that Chaplain Jackson was providing "no assistance" to plaintiff in obtaining permission to hold a "second class." Compl. ¶¶12, 29; Muhammad Aff. 6. Plaintiff states that the Sunni

2

Muslims are permitted to hold two classes per week. Compl. ¶ 12. Chaplain Jackson does not have the authority to determine when and how often religious groups meet. Jackson Aff. ¶ 6; Muhammad Aff. ¶ 6.

Plaintiff requested that Chaplain Jackson show Nation of Islam DVDs during Nation of Islam meetings and on the institution's T.V.'s religious channel. See Compl. ¶ 28, Exs. A(3) & A(3)(e); Mot. Deny Summ J. 12. DVDs must be approved by the VDOC Faith Review Committee before inmates can play the DVDs during meetings. Jackson Aff. ¶ 7; Muhammad Aff. ¶ 7.

Statement of Contested Facts

Chaplain Jackson states that he recalls that plaintiff requested two DVDs but that the Faith Review Committee banned one DVD and that he did not have a copy of the other DVD. Jackson Aff. ¶ 7. He states that he does not have any DVDs on the Muslim faith. Id. He does not purchase such items but relies on public donations for procuring "items such as DVDs." Id. He has not prevented plaintiff from soliciting donations for approved DVDs. Plaintiff, however, argues that Chaplain Jackson previously "responded to a request" to determine what "videos [are] approved to be shown" by stating that he [Chaplain Jackson] had ten DVD selections. Plaintiff characterizes Chaplain Jackson's statements in his affidavit, that he does not have any DVDs, as "show[ing] that [Chaplain Jackson] shows favoritism and discriminating against the plaintiff's belief and its members." Muhammad Add. ¶ 8.

Plaintiff alleges that when his institution is on lockdown, the Nation of Islam has been unable to meet though Sunni Muslims were still permitted to hold services. Compl. ¶ 14, Attach. A(4)(b). Chaplain Jackson did not respond to this allegation.

## II. Standard of Review

Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no

genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party bears the burden of proving that judgment on the pleadings is appropriate. See Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (moving party bears the burden of persuasion on all relevant issues). To meet that burden, the moving party must demonstrate that no genuine issues of material fact are present for resolution. Id. at 322. Once a moving party has met its burden to show that it is entitled to judgment as a matter of law, the burden then shifts to the non-moving party to point out the specific facts which create disputed factual issues. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); Matsushita Electrical Industrial Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

In evaluating a motion for summary judgment, a district court should consider the evidence in the light most favorable to the non-moving party and draw all reasonable inferences from those facts in favor of that party. United States v. Diebold, Inc., 369 U.S. 654, 655 (1962). Those facts for which the moving party bears the burden of proving are facts which are material. "[T]he substantive law will identify which facts are material. Only disputes over facts which might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." Anderson, 477 U.S. at 248. An issue of material fact is genuine when, "the evidence . . . create[s] [a] fair doubt; wholly speculative assertions will not suffice." Ross v. Communications Satellite Corp., 759 F.2d 355, 364 (4th Cir. 1985). Thus, summary judgment is appropriate only where no material facts are genuinely disputed and the evidence as a whole could not lead a rational fact finder to rule for the non-moving party. Matsushita, 475 U.S. at 587.

The nonmoving party, however, may not defeat a properly-supported summary judgment motion by simply substituting the "conclusory allegations of the complaint or answer with conclusory allegations of an affidavit." Lujan v. Nat'l Wildlife Fed'n, 497 U.S. 871, 888 (1990). This is true even where the nonmoving party in such a situation is a pro se prisoner entitled to

liberal construction of his pleadings; a "declaration under oath . . . is not enough to defeat a motion for summary judgment. He has to provide a basis for his statement. To hold otherwise would render motions for summary judgment a nullity." Campbell-El v. Dist. of Columbia, 874 F.Supp. 403, 406 - 07 (D.C. 1994).

### III. Analysis

For the reasons which follow, plaintiff cannot prevail on any of the first three claims he asserts. Chaplain Jackson's Motion for Summary Judgment will be granted, in part, and denied, in part, without prejudice.

#### A. Equal Protection

The Equal Protection Clause of the Fourteenth Amendment protects against arbitrary classifications by state actors. See U.S. Const. amend. XIV, § 1. To bring an equal protection claim, a prisoner must plead sufficient facts to make a threshold showing "that he has been treated differently from others with whom he is similarly situated and that the unequal treatment was the result of intentional or purposeful discrimination." Veney v. Wyche, 293 F.3d 726, 730-31 (4th Cir. 2002) (quoting Morrison v. Garraghty, 239 F.3d 648, 654 (4th Cir. 2001)). Only after satisfying this threshold requirement will the Court determine whether the disparate treatment at issue was justified. Id. at 731. If plaintiff does not make a threshold showing of disparate treatment, the Court need not assess whether the treatment can be justified under the appropriate level of scrutiny. Ephraim v. Angelone, 313 F. Supp. 2d 569, 573-74 (E.D. Va. 2003); see also Morrison v. Garraghty, 239 F.3d 648, 655 (4th Cir. 2001).

In this case, plaintiff alleges disparate treatment from being denied copies of Nation of Islam study guides, being unable to hold a second Nation of Islam meeting, being denied access to DVDs, and not being able to have a Nation of Islam meeting while his institution was on lockdown. See Pl.'s Am Compl. ¶¶ 11-14. Each will be addressed in turn.

### 1. Denied Copies of Nation of Islam Study Guides

Plaintiff's allegations fail to make a threshold showing that plaintiff's treatment at Sussex I State Prison ("SSI"), with respect to receiving copies of the NOI study guides, was disparate from that of others in similar situations. Indeed, in his affidavit plaintiff makes it clear that he did not provide payment to cover the cost of making the copies he requested from Chaplain Jackson. Muhammad Aff. ¶ 4; docket # 32. As both plaintiff and Chaplain Jackson acknowledge, inmates must provide payment for copies. Jackson Aff. ¶ 5; Muhammad Aff. ¶ 5. While plaintiff argues that he "should not have to pay the cost of making such copies when the copies are religious materials" and that other institutions do not have similar policies requiring inmates to pay for copies, this argument is immaterial because plaintiff's statements show that it is not Chaplain Jackson's discriminatory intent that is resulting in plaintiff being deprived of copies but plaintiff's own decision to not pay for copies. As such plaintiff does not show, or even allege, that he has suffered disparate treatment as a result of discriminatory intent. Accordingly, no showing of an equal protection violation has been made, cf. Veney, 293 F.3d at 730-31, so no assessment is warranted of whether the treatment plaintiff describes is justifiable, Ephraim, 313 F. Supp. at 573-74. Chaplain Jackson is entitled to the summary judgment he seeks on plaintiff's claim that he suffered a violation of his right to equal protection based on being denied copies of Nation of Islam materials. See Matsushita, 475 U.S. at 587.

### 2. Second Meeting

Assuming without deciding that plaintiff's allegation that Sunni Muslims are permitted to have two classes a week while Nation of Islam followers are only allowed to meet once a week is enough to show disparate treatment, there has been no showing that this is the result of discriminatory intent. Indeed, both plaintiff and Chaplain Jackson agree that Chaplain Jackson lacks the authority to authorize Nation of Islam to conduct a second meeting. Jackson Aff.¶ 6; Muhammad Aff. ¶ 6. As such, no threshold showing of an equal protection violation has been

6

made because there are no material facts that show Chaplain Jackson acted with a discriminatory intent, cf. Veney, 293 F.3d at 730-31, so no assessment is warranted of whether the treatment plaintiff describes is justifiable, Ephraim, 313 F. Supp. at 573-74.

### 3. Access to DVDs

Plaintiff alleges that Chaplain Jackson is denying him access to DVDs to show during Nation of Islam meetings. Plaintiff states that when Chaplain Jackson "responded to a request form on December 5, 2011, [which asked] 'Sir, can you please check to see what video is approved to show" Jackson provided ten "sections of DVDs" but later attests in his affidavit that he does not have any DVDs. Muhammad Aff. ¶ 8. Plaintiff argues that this supposed discrepancy "shows that [Chaplain Jackson] shows favoritism and discriminating against the plaintiff's belief and its members. Id.

The request to which plaintiff refers was made by inmate Eric Reid, a former plaintiff in this lawsuit. See Reid Aff. ¶ 4; docket # 33. By Order dated April 24, 2013, Eric Reid was severed and dismissed from this suit. Docket # 5. As such, these allegations fail to show that Chaplain Jackson denied *plaintiff* equal protection because it alleges facts that relate to Eric Reid. Further, Chaplain Jackson has stated that he does not currently have any DVDs in his possession on the Muslim faith and that he relies on public donations for procuring "items such as DVDs." Jackson Aff. ¶ 7. Though plaintiff attempts to argue that what plaintiff portrays as a discrepancy between some of Chaplain Jackson's statements shows "favoritism and discrimination," this conclusive statement is not enough to defeat Chaplain Jackson's properly-supported Motion for Summary Judgment. See Lujan, 497 U.S. at 888. As such, Chaplain Jackson is entitled to the summary judgment he seeks on this claim.

### 4. Holding Meetings While on Lockdown

Chaplain Jackson did not respond to plaintiff's allegations that he was being denied equal protection by not being allowed to participate in Nation of Islam meetings during lockdown

though Sunni Muslims were able to participate in their religious meetings during lockdown. As such, Chaplain Jackson's Motion for Summary Judgment must be denied, in part, as it relates to this claim, without prejudice to Chaplain Jackson's ability to file a supplemental Motion for Summary Judgment to address this claim.

### B. RLUIPA

RLUIPA prohibits the government from acting in ways that impose a "substantial burden on the religious exercise of a person residing in or confined to an institution," unless the government demonstrates that the imposition of that burden furthers a "compelling governmental interest" by the least restrictive means. 42 U.S.C. § 2000cc-1(a)(1)–(2). Although RLUIPA forbids judicial inquiry into the question of whether a particular belief or practice is "central" to a prisoner's religion, 42 U.S.C. § 2000cc-5(7)(A), only beliefs or practices that are both sincerely held and rooted in religious belief fall under the protection of RLUIPA. See Cutter v. Wilkinson, 544 U.S. 709, 725 n. 13 (2005) (noting that under RLUIPA, "prison officials may appropriately question whether a prisoner's religiosity, asserted as a basis for a request for accommodation, is authentic" and whether his "professed religiosity" is "sincere"). While RLUIPA does not define the term "substantial burden," the United States Court of Appeals for the Fourth Circuit has held that, under RLUIPA, a "substantial burden on religious exercise occurs when a state or local government, through act or omission, 'put[s] substantial pressure on an adherent to modify his behavior and to violate his beliefs.'" Lovelace v. Lee, 472 F.3d 174, 187 (4th Cir. 2006) (quoting Thomas, 450 U.S. at 718). "Religious exercise" in this context includes "any exercise of religion, whether or not compelled by, or central to, a system of religious belief." 42 U.S.C. § 2000cc-5(7)(A).

A plaintiff asserting a claim under RLUIPA bears the initial burden of showing by a preponderance of the evidence that: (1) he or she seeks to engage in an exercise of religion; and (2) the challenged practice substantially burdens that exercise. 42 U.S.C. § 2000cc-2(b). Once

the plaintiff establishes a *prima facie* case, the burden of persuasion shifts to the defendants to show that their practice is the least restrictive means of furthering a compelling government interest. Lovelace, 472 F.3d at 185 (citing 42 U.S.C. § 2000cc-1(a)). Moreover, courts are required to give "due deference to the experience and expertise of prison and jail administrators in establishing necessary regulations and procedures to maintain good order, security and discipline, consistent with consideration of cost and limited resources." Id. at 723.

Pursuant to the foregoing authorities, the starting point for analysis of a claim of denial of free exercise under either the First Amendment or RLUIPA is the determination of whether the plaintiff actually seeks to engage in an exercise of sincerely-held religious beliefs. Whether plaintiff's NOI beliefs is an exercise of religion is not contested in this case. Mot. Summ. J. 6 ("Defendant does not contest the sincerity of Plaintiff's belief."). Plaintiff, however, has failed to meet his initial burden of showing that the practices he challenges substantially burdens his exercise of religion.

1. Denied Copies of Nation of Islam Study Guides

Plaintiff does not establish that the lack of copies of study guides constitutes a substantial burden on his NOI beliefs. Indeed, plaintiff fails to show that he was put to the choice of modifying his behavior or violating his beliefs based on Chaplain Jackson declining to make copies of NOI study guides without plaintiff prepaying for the copies. See Lovelace, 472 F.3d at 187. As such, there are no material facts that are genuinely disputed and the evidence as a whole could not lead a rational fact finder to rule for plaintiff. See Matsushita, 475 U.S. at 587; Campbell-El, 874 F.Supp. at 406-07. Thus, Chaplain Jackson is entitled to the summary judgment he seeks on plaintiff's claim that plaintiff suffered a violation of his rights under RLUIPA based on being denied copies of Nation of Islam materials. See Matsushita, 475 U.S. at 587.

2. <u>Second Meeting</u>

As with plaintiff's first claim, plaintiff does not establish that the exercise of his NOI beliefs were substantially burdened by Chaplain Jackson because he admits that he is able to practice his religion in a weekly service. Compl. ¶¶12, 29. As respondent correctly points out, permitting or not permitting a *second* weekly meeting does not constitute a substantial burden or demonstrate that plaintiff is forced to violate his beliefs to obtain a government benefit. As such, there is no genuine issue for trial regarding plaintiff's claim that being denied a second meeting violated his RLUIPA rights and defendant Chaplain Jackson's Motion for Summary Judgment will be granted, as to this issue. See <u>Matsushita</u>, 475 U.S. at 587.

3. <u>Access to DVDs</u>

As discussed <u>supra</u>, Part III.A.3, plaintiff alleges that Chaplain Jackson is denying him access to DVDs to show during Nation of Islam meetings, but the request to which plaintiff refers was made by inmate Eric Reid, a former plaintiff in this lawsuit. See Reid Aff. ¶ 4; docket # 33. As such, these allegations fail to show that Chaplain Jackson's alleged denial placed a substantial burden on *plaintiff's* rights protected by RLUIPA because it alleges facts that relate to Eric Reid. Further, Chaplain Jackson has stated that he does not currently have any DVDs in his possession on the Muslim faith and that he relies on public donations for procuring "items such as DVDs." Jackson Aff. ¶ 7. Because there are no material facts that are genuinely disputed, Chaplain Jackson is entitled to the summary judgment he seeks on this claim. See <u>Matsushita</u>, 475 U.S. at 587.

4. <u>Holding Meetings While on Lockdown</u>

Chaplain Jackson did not respond to plaintiff's allegations that he was being denied his rights guaranteed by RLUIPA by not being allowed to participate in Nation of Islam meetings during lockdown though Sunni Muslims were able to participate in their religious meetings during lockdown. As such, Chaplain Jackson's Motion for Summary Judgment must be denied,

in part, as it relates to this claim, without prejudice to Chaplain Jackson's ability to file a supplemental Motion for Summary Judgment to address this claim.

5. Plaintiff's Response

Though plaintiff argues in his "Brief in Support of Motion to Deny For Summary Judgment," that Chaplain Jackson's action and inaction does impose a substantial burden on his religious beliefs, his unsworn allegations are insufficient to defeat defendant's Motion for Summary Judgment because he fails to provide a basis for his statement. See Lujan, 497 U.S. at 888; Campbell-El, 874 F.Supp. at 406-7. As such, his argument is not enough to defeat defendants' Motion and to hold otherwise would render motions for summary judgment a nullity. See Campbell-El, 874 F.Supp. 406 - 07. Thus, no material facts are genuinely disputed and the evidence as a whole could not lead a rational fact finder to rule for plaintiff. See Matsushita, 475 U.S. at 587; Campbell-El, 874 F.Supp. at 406-07.

C. First Amendment

Plaintiff's claim that Chaplain Jackson violated his rights under the First Amendment fares no better. The First Amendment protects an individual's right to the free exercise of religion. U.S. Const. amend I. Although incarcerated, a prisoner still "retains those First Amendment rights that are not inconsistent with his status as a prisoner or with the legitimate penological objectives of the corrections system." Pell v. Procunier, 417 U.S. 817, 822 (1974). However, as with a claim arising under RLUIPA, a prisoner to recover on a free exercise claim must demonstrate that defendant's conduct has substantially burdened his religious exercise. Shabazz v. Virginia Dep't of Corr., No. 3:10cv638, 2013 WL 1098102 at *9 (E.D. Va. March 15, 2013), citing Whitehouse v. Johnson, 2011 WL 5843622 (E.D. Va. Nov. 18, 2011) at *5. "RLUIPA provides considerably more protection for an inmate's religious exercise than does the Free Exercise Clause of the Constitution of the United States." Lord Versatile v. Johnson, 2011 WL 5119259 at *4 (E.D. Va. Oct. 27, 2011). Thus, "[w]here an inmate has not put forth

11

sufficient evidence under RLUIPA to demonstrate a substantial burden on his religious exercise, his claim fails under the Free Exercise Clause of the First Amendment as well." <u>Van Wyhe v. Reisch</u>, 581 F.3d 639, 657-58 (8th Cir 2009). Accordingly, for the reasons discussed above in connection with plaintiff's RLUIPA claim, Chaplain Jackson is entitled to summary judgment, in part, on his free exercise claim as well.[2]

### IV. Motion to Appoint Counsel

On Jul 2, 2014, plaintiff filed a "Motion For Request Appointment of Counsel." Docket No. 44. This is plaintiff's second motion to be appointed counsel, his first motion being denied by Order dated July 31, 2013. For the reasons stated in the Court's July 31st Order, his motion will be denied.

### V. Motion for Plenary Hearing

On July 31, 2014, plaintiff filed a Motion for Plenary Hearing, which will be denied without prejudice, as defendant's motion has been adjudicated on the papers.

### VI. Conclusion

For the above-stated reasons, Chaplain Jackson's Motion for Summary Judgment will be granted, in part, and denied, in part, without prejudice to his ability to submit supplemental briefing as to the issue of whether plaintiff's rights were violated when he was unable to attend Nation of Islam meetings while his institution was on lock down. Plaintiff's Motion to Deny Summary Judgment will be denied, without prejudice. An appropriate order shall issue.

Entered this 22nd day of August 2014.

Alexandria, Virginia

---

[2] Defendant also asserts qualified immunity with respect to plaintiff's claims. Def. Supp. Mem. 11. However, because the Court concludes that plaintiff has failed to establish that a violation of his constitutional rights occurred, the issue of qualified immunity need not be addressed at this time. <u>Shabazz</u>, 2013 WL 1098102 at *9 n. 20.